UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JARON SHAWN LA'V TEAGUE**                                                                 **PLAINTIFF**

v.                                                                                     CIVIL ACTION NO. 3:22-cv-594-BJB

**BAYER-BAYER et al.**                                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff JaRon Shawn La'V Teague filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court dismisses the action in part and will issue a separate order to govern the claim that survives.

**I.      STATEMENT OF CLAIMS**

Plaintiff, a resident of Kentucky, sues "Bayer-Bayer" (hereinafter, "Bayer") alleging that its product Roundup "caus[ed] my multiple myeloma cancer." DN 1, p. 4. The Complaint indicates that Teague brings this suit under federal-question jurisdiction or diversity jurisdiction, "which ever applies." *Id*. He states that Bayer is incorporated under the laws of and has its principal place of business in New Jersey and that the amount in controversy is $125 million. *Id*. at 5.

According to the Complaint, Plaintiff received a diagnosis of multiple myeloma cancer in or around February 2022. *Id*. at 6. He states that "he belongs to the same class of individuals [who] got their cancer from roundup product and received Monetary Relief . . . guaranteed pursuant to and for all purposes of Our Great United States Constitutional [First, Fifth, Sixth, Eighth, and Fourteenth] Amendments." *Id*. He explains that between 1984 and 1989, he was

employed as a groundskeeper for schools and other buildings operated by the Jefferson County Board of Education. *Id*. He further states that he was later transferred to janitorial services which also required him to use Roundup. *Id*. In particular, he alleges that Defendants inflicted cruel and unusual punishment under the Eighth Amendment and "have civilly confessed their product was defective." *Id*. at 7. He attaches numerous documents to his Complaint, including medical records related to his cancer diagnosis and treatment. *See* DN 1-2—DN 1-14.

Plaintiff indicates that he also wishes to sue John and Jane Does at Bayer-Bayer, DN 1 at 4, and he filled out summons forms for John and Jane Does at the Bayer-Bayer corporate office in Whippany, NJ. DN 17, pp. 1, 5.

As relief, he requests compensatory and punitive damages. DN 1, p. 5.

## II.  ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff refers to the First, Fifth, Sixth, Eighth, and Fourteenth Amendments in his Complaint. *See* DN 1, p. 6. But "'[t]he Supreme Court has never recognized a cause of action arising directly under the Constitution in a case where § 1983 was available as a remedy,' and 'it is unnecessary and needlessly redundant to imply a cause of action arising directly under the

2

Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated h[is] constitutional rights.'" *Smith v. Kentucky*, 36 F.4th 671, 674–75 (6th Cir.), *cert. denied*, 143 S. Ct. 213 (2022), (quoting *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) (other citations omitted)).

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

As explained by another district court within the Sixth Circuit:

> The Sixth Circuit recognizes four tests to determine whether private conduct is attributable to the state: "(1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014). The public function test applies when a private business performs state operations, such as running an election. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). The state compulsion test looks for whether "the state significantly encouraged or somehow coerced the private party . . . to take a particular action." *Id.* The nexus test "requires a sufficiently close relationship (i.e. through state regulation or contract) between the state and the private actor" such that the private actor's actions can be attributed to the state. *Id.* Finally, the entwinement test asks whether the private entity is involved with governmental policy-setting or the government is entwined in a private entity's management. *Marie*, 771 F.3d at 363.

*In re Flint Water Cases*, 453 F. Supp. 3d 970, 983–84 (E.D. Mich. 2020).

Although the Complaint refers to Teague's employment in the public-school system, it offers no indication that Bayer (the only named Defendant) is a state actor under any of the four tests outlined above. For that reason, Plaintiff fails to state a claim under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. The Court therefore dismisses Plaintiff's constitutional

claims for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff also indicates his desire to invoke diversity jurisdiction, refers to Bayer having "confessed [its] product was defective," *id*. at 7, and expresses his desire to seek damages related to his diagnosis of cancer which he attributes to Bayer's "defective product," *id*. at 14. The face of the Complaint thus indicates that this Court has subject matter under 28 U.S.C. § 1332 because complete diversity of citizenship between Plaintiff and Defendants exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* § 1332(a)(1), (b). Reading Plaintiff's *pro se* Complaint liberally as the Court is required to do, *see Boag*, 454 U.S. at 365, the Court allows a claim for personal injury allegedly caused by the defectiveness of Roundup to continue against Defendants.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DISMISSES** Plaintiff's claims under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

The Court **ORDERS** that on preliminary review under 28 U.S.C. § 1915(e) the Court will allow Plaintiff's claim that he was injured by Defendants' allegedly defective product to continue.

The Court will enter a separate Order Regarding Service.

Date: July 24, 2023

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
B213.009

4